**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ELIAZAR ONOFRE-ROJAS, | No. 16-71122 |
| Petitioner, | Agency No. A088-447-432 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 5, 2018
San Francisco, California

Before: BERZON and FRIEDLAND, Circuit Judges, and DOMINGUEZ,** District
Judge.

Eliazar Onofre-Rojas, a native and citizen of Mexico, petitions for review of

an order by the Board of Immigration Appeals (BIA). The BIA dismissed Onofre's

appeal from the denial of her motion to suppress by an Immigration Judge (IJ).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Daniel R. Dominguez, United States District Judge for
the District of Puerto Rico, sitting by designation.

Before the IJ, Onofre had sought to suppress evidence gathered by Immigration and Customs Enforcement (ICE) agents during the execution of a search warrant at her workplace. We review the BIA's factual findings for substantial evidence and its legal conclusions de novo. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). We deny the petition for review.

1.      Given that *Michigan v. Summers*, 452 U.S. 692 (1981), arose in the criminal context and that many of its justifications "simply do not hold true when the underlying warrant is an administrative warrant rather than a criminal search warrant," *Alexander v. City & County of San Francisco*, 29 F.3d 1355, 1363 (9th Cir. 1994), *abrogated on other grounds by County of Los Angeles v. Mendez*, 137 S. Ct. 1539 (2017), we are skeptical of the BIA's conclusion that *Summers* necessarily justified Onofre's detention in this case. But we need not reach this issue because, as we conclude below, the BIA's alternative rationale justifies denying suppression here.

2.      "Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). Here, the IJ determined that the agents had reasonable suspicion to detain Onofre based on the warrant, which noted that there was probable cause that

undocumented workers were located at the workplace, and on the fact that Onofre was found hiding in a plastic container after the agents arrived. Based on these facts, we agree that the agents had reasonable suspicion at that point to believe Onofre lacked lawful status and so could detain her for further investigation. *See Orhorhaghe v. INS*, 38 F.3d 488, 497 (9th Cir. 1994); *see also* 8 U.S.C. § 1357(a)(1).

**3.** Onofre's subsequent detention was not unreasonable in duration or in scope. Such a detention "may last only so long as is necessary to carry out its purpose and the investigative methods used should be the least intrusive means reasonably available to confirm or dispel the officer's suspicion." *Martinez v. Nygaard*, 831 F.2d 822, 827 (9th Cir. 1987). Here, the IJ found that the agents handcuffed Onofre and detained her in the parking lot "between 30 minutes and 1 hour." Under the circumstances, neither the length of the detention nor the use of handcuffs was improper. *See United States v. Miles*, 247 F.3d 1009, 1013 (9th Cir. 2001); *United States v. Torres-Sanchez*, 83 F.3d 1123, 1129 (9th Cir. 1996). Similarly, as the IJ correctly concluded, the agents' actions were not so coercive as to violate the Due Process Clause of the Fifth Amendment. *See United States v. Carr*, 761 F.3d 1068, 1075 (9th Cir. 2014).

3

**4.** For the same reasons, suppression was not warranted for regulatory violations, as the agents here did not violate the two regulations at issue. The first regulation provides that an agent may question an individual regarding her immigration status only if the agent "has a reasonable suspicion, based on specific articulable facts, that the person being questioned is, or is attempting to be, engaged in an offense against the United States or is an alien illegally in the United States." 8 C.F.R. § 287.8(b)(2). As noted above, the agents did have reasonable suspicion that Onofre lacked lawful status. The second regulation prohibits "[t]he use of threats, coercion, or physical abuse . . . to induce a suspect to waive his or her rights or to make a statement." *Id.* § 287.8(c)(2)(vii). Again, Onofre was not threatened, abused, or otherwise coerced during her detention in the parking lot.

**5.** The events occurring after Onofre's detention in the parking lot are not pertinent to her motion to suppress, as the evidence Onofre provided there was sufficient to prove removability. That evidence would not be considered a fruit of any improper actions that took place later on and so would not be suppressible on that basis. *See United States v. McClendon*, 713 F.3d 1211, 1217–18 (9th Cir. 2013).

**PETITION DENIED.**

4